<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
JAMES MITCHELL,                     :
                                    : Civil Action No. 13-1068 (RMB)
          Petitioner,               :
                                    :
     v.                             :     <u>**MEMORANDUM OPINION**</u>
                                    :
UNITED STATES OF AMERICA et al.,    :
                                    :
          Respondents.              :
_____ :

**BUMB, District Judge:**

    James Mitchell ("Petitioner"), an inmate previously incarcerated at FCI Fairton in New Jersey, filed a petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 and, a months and a half later, submitted his filing fee of $5. <u>See</u> Docket Entry No. 1 and Docket Entry No. dated April 1, 2013. Respondents filed an answer and the administrative record. <u>See</u> Docket Entry No. 6. For the reasons detailed below, the Petition will be dismissed as unexhausted, meritless, moot and also for failure to comply with Local Civil Rule 10.1(a).

    Here, Petitioner challenged the recommendation of his Unit Team that he be placed in a residential reentry center ("RRC") for the period of five to six months preceding his release. <u>See</u> Docket Entry No. 1. He relied on the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("the Second Chance Act") for the contention that his RRC placement should have been nine to

twelve months.  See id.  In support of that claim, he stated that he had been incarcerated for a long period time and, if released without substantial resources, he was likely to commit another crime.  See id. at 3-4.  Respondents' answer maintained that Petitioner's position was substantively without merit; the record provided by Respondents established that he failed to exhaust his claim administratively since he abandoned his exhaustion efforts after getting a response from the Regional Office of the Bureau of Prisons ("BOP").  See Docket Entry No. 6-1.

The Court's sua sponte review of the federal inmate locator website, www.bop.gov, showed that, after Respondents filed their answer, Petitioner was transferred to a RRC, i.e., RRM New York, Residential Reentry Office, P.O. BOX 329014, Brooklyn, NY  11232. This fact indicates that Petitioner's claims have become moot.[1] Therefore, the Petition is subject to dismissal on that ground.

In addition, the Petition is subject to dismissal as substantively meritless and for failure to exhaust.[2]

---

[1] Federal courts are not empowered to decide moot issues. See U.S. Const. art. III, § 2, cl. 1; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  To avoid dismissal on the grounds of mootness, a controversy must exist at all stages of review.  See Doe, 257 F.3d at 313 (citing New Jersey Turnpike Auth. v. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)).

[2] The BOP Administrative Remedy Program is a multi-tier process.  See 28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff. See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit an appeal to the warden.  See 28

The sole argument offered by Petitioner derives from his lengthy prison term and his doubts as to his moral stamina to avoid the life of crime in the event he faces life's hardships upon release.  However, the period of an inmate's incarceration is merely one of many factors the BOP is obligated to consider under § 3621(b) and the Second Chance Act.  Nothing in these provisions mandates a direct, blind correlation between the RRC term and the sentence served.  A fortiori, nothing in the Second Chance Act guarantees an inmate the maximum twelve-month RRC period or any particular fixed RRC period.  See Lovett v. Hogsten, 2009 U.S. App. LEXIS 28957 (6th Cir. Dec. 29, 2009); see also Nelson v. Zickefoose, 2013 U.S. Dist. LEXIS 3757 (D.N.J. Jan. 9, 2013); Travers v. Federal Bureau of Prisons, 2009 U.S. Dist. LEXIS 110901 (D.N.J. Nov. 30, 2009); Creager v. Chapman, 2010 U.S. Dist. LEXIS 26843 (N.D. Tex. Mar. 22, 2010) (although Petitioner disagrees with her CCC placement date after consideration of the § 3621(b) factors, this "does not establish

---

C.F.R. § 542.14.  An inmate who is dissatisfied with the warden's response may appeal to the Regional Director of the BOP.  See 28 C.F.R. § 542.15(a).  The inmate unsatisfied with the Regional Director's response may appeal to the BOP's General Counsel (Central Office).  See id.  Appeal to the Central Office is the final administrative appeal.  See id.  Only if all responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  Here, Petitioner did not appeal the Regional Director's response to the Central Office.  Therefore, his Petition is also subject to dismissal on that ground.  Such dismissal is, typically, without prejudice.  Here, however, it is a distinction without a difference.

a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles Petitioner or any other prisoner to any guaranteed placement in [an RRC]" and "'the duration of RRC placement is a matter to which the BOP retains discretionary authority'") (citations and quotation omitted); Wires v. Bledsoe, 2010 U.S. Dist. LEXIS 9094 (M.D. Pa. Feb.3, 2010) ("even if the petitioner's unit team recommended significantly less than six months (only 60 days) in [an RRC], there is no basis to infer that their discretion was "abused").  Therefore, Petitioner's position that his rights were violated by an RRC period shorter than that he desired is without merit.[3]  Hence, his Petition is also subject to dismissal on that ground.[4]

Therefore, the Petition will be dismissed.

An appropriate Order accompanies this Opinion.


                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**

Dated: February 19, 2014

---

[3] The Court also notes its concern with Petitioner's statement that, unless he is allowed additional RRC time, he would commit another crime upon his release. Such blunt attempt at coercion cannot be rewarded with an additional RRC time.

[4] Furthermore, this matter is subject to dismissal in light of Petitioner's failure to apprise this Court of his new address. See Local Civil Rule 10.1(a) (an unrepresented party must advise the Court of any change of his address within seven days of being apprised of such a change and that failure to file such a change may result in the imposition of sanctions by the Court).